IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ILAW,

    Plaintiff,

v.

LITTLER MENDELSON PC ET AL,

    Defendant.

No. C 13-04851 JSW

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

On October 18, 2013, Plaintiff Miguel Ilaw ("Plaintiff") filed a complaint and a motion to proceed *in forma pauperis*. Plaintiff also requests that the Court appoint counsel for him. Courts must deny an *in forma pauperis* application under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

In contravention of Federal Rule of Civil Procedure 8(a), Plaintiff has failed to file a pleading setting forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief the pleader seeks." Although Plaintiff cites to Federal Rule of Civil Procedure 60, 42 U.S.C. Section 1983, and makes reference to predicate acts, it is unclear to the Court the legal theories on which Plaintiff seeks relief.

It also is not clear to the Court on what basis Plaintiff contends that this Court has subject matter jurisdiction over his claim. Finally, many of the allegations in the Complaint suggest Plaintiff is dissatisfied with various state court judgments. Federal district courts, as courts of original jurisdiction, do not have subject matter jurisdiction to review errors allegedly

committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.

The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court, *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986); and when a plaintiff's challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483-84.

Under the *Rooker-Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka*, 23 F.3d at 221 (quoting *Feldman*, 460 U.S. at 483-84 n.16). If the constitutional claim presented to a district court is inextricably intertwined with the state court's decision, then the district court essentially is being called upon to review the state court decision. *Id.* The district court lacks subject matter jurisdiction if the relief requested requires "'a mere revision of the errors and irregularities, or of the legality and correctness' of the state court judgment, not the 'investigation of a new case arising upon new facts.'" *MacKay v. Pfeil*, 827 F.2d 540, 545 (9th Cir. 1987).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED and the Complaint is DISMISSED WITH LEAVE TO AMEND. If Plaintiff wishes to pursue this action, he must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim with federal jurisdiction by **November 22, 2013.** Plaintiff may file a renewed application to proceed *in forma pauperis* upon filing an amended complaint. Failure to file timely an amended complaint shall result in dismissal of this action without prejudice.

1  The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that he also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: October 22, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ILAW,

        Plaintiff,

  v.

LITTLER MENDELSON PC ET AL et al,

        Defendant.
                                    /

Case Number: CV13-04851 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miguel Ilaw
354 London Street
San Francisco, CA 94112

Dated: October 22, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk