IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ILAW,<br><br>    Plaintiff,<br><br>  v.<br><br>LITTLER MENDELSON PC ET AL,<br><br>    Defendant.<br>_____ / | No. C 13-04851 JSW<br><br>**ORDER DISMISSING WITH FINAL LEAVE TO AMEND AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 7)** |

On October 18, 2013, Plaintiff Miguel Ilaw ("Plaintiff") filed a complaint and a motion to proceed *in forma pauperis*. On October 22, 2013, the Court denied the motion to proceed *in forma pauperis*, dismissed the complaint, and gave Plaintiff leave to amend.

On November 12, 2013, Plaintiff filed his First Amended Complaint and a renewed motion to proceed *in forma pauperis*. Courts must deny an *in forma pauperis* application under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Plaintiff now asserts that the Court has jurisdiction over this action, because he asserts a claim under 42 U.S.C. Section 1983, based on alleged deprivations of his rights to equal protection and due process. (*See* Docket No. 6, First Amended Complaint ("FAC") at ECF pages 9-10, ¶¶ 2, 7-8.) However, in contravention of Federal Rule of Civil Procedure 8(a), Plaintiff still has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

In order to state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). As best as the Court can discern, Plaintiff alleges that one of the defendants, Littler Mendelson, P.C. wrote an article with a state court temporary judge. (*See, e.g.,* FAC at ECF page 10, ¶ 7, ECF page 25, lines 3-5.) However, although Plaintiff recites a host of facts complaining of attorney and judicial misconduct, and although he sets forth facts showing that he is not satisfied with the results of his state court case, he fails to allege facts showing how the Defendants violated his due process rights were violated. He also fails to explain the factual basis for his equal protection claim.

In addition, Plaintiff has named only private parties as Defendants. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Therefore, a plaintiff must allege facts that tend to show that the private party's conduct has caused a deprivation of federal rights that may be fairly attributable to the State. *Id.* at 708 (holding that "conclusionary allegations of action under color of state law, unsupported by facts, will be rejected as insufficient to state a claim") (quoting *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations and brackets omitted). Plaintiff's FAC contains only conclusory allegations that the *Defendants* in this case were acting under color of state law.

Accordingly, the Court DENIES Plaintiff's application to proceed *in forma pauperis* and it DISMISSES the FAC. Out of an abundance of caution, the Court shall grant Plaintiff a **final opportunity** to amend his complaint, to cure the deficiencies discussed above. If Plaintiff wishes to pursue this action, he must file an amended complaint setting forth a cognizable legal claim and some factual basis to support a claim by **December 30, 2013.** Plaintiff may file a renewed application to proceed *in forma pauperis* with his proposed second amended complaint.

1  If Plaintiff fails to file a second amended complaint, the Court shall dismiss this case
2  with prejudice.
3  The Court again advises Plaintiff that a Handbook for Pro Se Litigants, which contains
4  helpful information about proceeding without an attorney, is available through the Court's
5  website or in the Clerk's office.  The Court again advises Plaintiff that he also may wish to seek
6  assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-
7  8982 or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with
8  an attorney who may be able to provide basic legal help, but not legal representation.
9  **IT IS SO ORDERED.**

11  Dated:  December 3, 2013 
12  JEFFREY S. WHITE
    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL ILAW,

        Plaintiff,

  v.

LITTLER MENDELSON PC ET AL et al,

        Defendant.
                                  /

Case Number: CV13-04851 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miguel Ilaw
354 London Street
San Francisco, CA 94112

Dated: December 3, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk